IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

RESPONDENT,

V.

MICHAEL TRAVIS WILLIAMS,

PETITIONER.

**MEMORNDUM OF LAW IN SUPPORT OF § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Comes Now, Petitioner, Michael Travis Williams (hereinafter referred to as Petitioner), proceeding as a pro se litigant and respectfully requests that this honorable U.S. District Court vacate, set aside, or correct Count 2. Count #2 should be dismissed as duplicous. In support of his contention, Petitioner states the following:

Petitioner is proceeding as a pro se litigant and is untrained in the profession of law. Therefore it is necessary to request that this U.S. District Court review his petition in accord with the holding rendered in the Supreme Court case **Haines v. Kerner**, 404 U.S. 519 (1972), wherein the court held that a pro se written motion/petition is to be held to a less stringent standard than a motion drafted by a trained professional attorney. Petitioner respectfully requests that his petition is construed accordingly.

Petitioner requests, as a matter of law, that count 2 of the indictment be dismissed as duplicous in violation of the 5th

and 6th Amendment. "The principle vice of a duplicious indictment in that the jury may convict a defendant without unanimous agreement of the defendants guilt with respect to a particular offense." **U.S. v. Karam**, 37 F.3d 1280 (8th Cir. 1994), quoting **U.S. v. Saleh**, 875 F.2d 535 (6th Cir. 1989).

In the instant case count two charges a violation of 922(g)(1) felon in possession of a firearm. Counts one and three through thirteen of the indictment charge a series of acts of a conspiracy in separate counts. The government presented evidence on the theory that over a period of time several transactions were made to purchase firearms.

This Court held that the simultaneous unlawful possession of a number of firearms on the same premisses constitutes but a single offense. **United States v. Kinsley**, 518 F.2d 665 (8th Cir. 1975). In this case the evidence clearly shows a separate acquisition of firearms. Due to the lack of evidence of actual possession the indictment lists only transactions that were alledged to involve Petitioner over a period of time. Yet, not at the same time. In **Steeves** the government proved that all the firearms had been acquired by the defendant at different times. **United States v. Steeves**, 525 F.2d 333. Petitioners case is very similar because the government chose to present the evidence in this case as separate offenses in place, date and time.

The separate and distinct acts also have the same ring from the same bell as **Castildi v. United States**, 782 F.2d 119 (8th Cir. 1986).

**Castaldi** and his co-defendant though part of only one overall

criminal scheme, took separate and independent acts in producing three different denominations of postage stamp. These acts were not accomplished by **Castaldi** in a single act. Nor is the Petitioner able to be charged in one count for eleven separate acts this constitutes plain error and ineffective assistance of counsel for not objecting before trial though a unanimous verdict charge was requested and denied, which violated the 5th Amendment and violates the 6th Amendment constitutional protections, due to counsels lack of objection in the preliminary stages before trial.

Petitioner also request that his sentence be remanded for violations under the Sixth Amendment. Petitioner was sentenced to 175 months in prison for a number of charged offenses. None of those offenses carried over a 10 year statutory maximum. The Eighth Circuit found that "possession of multiple firearms would be used to enhance a guidelines offense range if the enhancement does not affect the statutory maximum sentence." **U.S. v. Piggie**, 316 F.3d 789, quoting **U.S. v. Lewis**, 236 F.3d 948, 950 (8th Cir. 2001).

In the instant case it is clear the 4 point enhancement affected the statutory maximum of 922(g) and 924(a). Furthermore, it is not clear how many firearms were possessed by the jury verdict. The judge found all the necessary facts for the enhancement [at sentencing], in violation of the Sixth Amendment. The Court used 5G1.2(d) to go above the statutory maximum to justify the unjust enhancement. The Supreme Court clearly states that the statutory maximum for **Apprendi** purposes is the maximum sentence a judge may impose "solely on the basis of the facts reflected in

the jury verdict or admitted by the defendant." **Blakely v. Washington**, 159 L.Ed.2d 403. The jury verdict was not clear at all as to how many guns were possessed or sought to possess. In any event 2K2.1(b)(1)(0) does not clearly state simultaneous possession or separate possession. Therefore, according to the Supreme Court holding in **Blakely**, the sentence imposed in the instant case is in violation of the Sixth Amendment right to effective assistance of counsel, as well as the right to a jury trial.

For the above stated reasons Petitioner prays that the Court grant his petition/request, forthwith.

Respectfully submitted,

Michael T. Williams,
Reg. No.
U.S.P. Florence
P.O. Box 7000
Florence, Colorado 81226

(Petitioner in Pro Se)

## CERTIFICATE OF SERVICE

I, Michael Travis Williams, do hereby certify that on this _____ day of January, 2005, that I did provide service of the required copy of my **28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence...**, and the **Memorandum of Law In Support...**, by placing such in the Institution Legal Mailbox, located at U.S.P. Florence, Florence, Colorado, P.O. Box 7000 [81226]. Said Motion was mailed out with first-class postage, to the address listed below:

Michael T. Williams, Pro Se
Reg. No. ____________
U.S.P. Florence
P.O. Box 7000
Florence, Colorado 81226