UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 00-172 (01)(JMR/FLN)
CIVIL NO. 00157 (JMR)

RECEIVED
BY MAIL
MAY 16 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES OF AMERICA, )
RESPONDENT, ) PETITIONERS RESPONSE TO
) GOVERNMENTS OPPOSITION TO
V. ) DEFENDANTS MOTION TO VACATE
) SENTENCE PURSUANT TO
MICHAEL TRAVIS WILLIAMS, ) 28 U.S.C. § 2255
PETITIONER, )

IN THE INSTANT CASE PETITIONER HAS CLEARLY MET ALL STANDARDS SET FORTH BY STRICKLAND V. WASHINGTON 466 U.S. 668, 687 (1984).

THE ATTORNEY FOR PETITIONER SHOULD HAVE SEEN THE DUPLICIT COUNT JUST BY A PER-CURSORY LOOK AT THE INDICTMENT.

COUNT 2 CHARGES PETITIONER WITH POSSESSION OF A FIREARM. THE DUPLICITY OF THIS COUNT IS CLEAR IN THE WORDING ITSELF. IT IS CLEAR FROM THE LANGUAGE OF THE 922g COUNT THAT POSSESSION OF "A" GUN POINTS TO A SPECIFIC ACT THAT CONGRESS INTENDED TO PROHIBIT. ALL THE COURTS AGREE THAT POSSESSION IS A CONTINUOUS CONDUCT.

SCANNED
MAY 16 2005
U.S. DISTRICT COURT ST. PAUL

COUNT 2 OF THE INDICTMENT CHARGES A 922g VIOLATION. THIS COUNT INCORPORATED PARAGRAPHS 1 THROUGH 33 FROM COUNT 1 (THE 371 CONSPIRACY). THE INDICTMENT GOES ON TO CHARGE IN 10 DIFFERENT COUNTS ALL THE IMFORMATION IN PARAGRAPHS 1 THROUGH 33 OF COUNT 1 AS SEPERATE AND DISTINC ACTS.

THE GOVERNMENT ARGUES THAT BECAUSE COUNT ONE CHARGED A CONSPIRACY THERE WAS A CONTINUOUS COURSE OF CONDUCT THAT ALLOWS THE GROUPING OF SERVERAL DISTINC ACTS. THIS ARGUEMENT IS TREMENDOUSLY FLAWED.

THE INDICTMENT DID NOT CHARGE THE DEFENDANT WITH A CONTINUOUS COURSE OF CONDUCT WHEN THE GOVERNMENT CHOSE TO BREAK UP THE CONSPIRACY. COUNTS 4 THROUGH 13 CLEARLY BREAK DOWN THE CONDUCT INTO ADVERT ACTS SEPERATE UNTO THEMSELVE. THESE ACTS All CAME FROM PARAGRAPHS 1 THROUGH 33 OF THE INDICTMENT IN COUNT 1. IN CHARGING THE DEFENDANT WITH ONE COUNT OF 922g USING COUNTS 4 THROUGH 13 AS BASIS FOR THAT COUNT CREATED A VERY PREJUDICUAL COUNT OF DUPLICITY. IT ALSO ALLOWED THE PROSECUTION TO USE A SCATTER GUN APPROACH DURING TRIAL THAT COULD NOT MISS. AlSO DEFENDANT WAS NOT FOUND GUILTY OF ALL 4 THROUGH 13 COUNTS. THIS LEAVES QUESTION TO WHICH GUN DID DEFENDANT POSSESS.

THE GOVERNMENT WOULD ARGUE THAT EVERY ALLEGED TRANSACTION SHOULD BE LOOKED UPON AS A COURSE OF CONDUCT THAT SHOULD BE GROUPED. THIS ARGUEMENT IS FLAWED. IN EBELING V. MORGAN 237 US 625, 629 35 S.Ct. 710, 711, 59 L.Ed. 1151 (1915), THE DEFENDANT WAS HELD TO HAVE BEEN PROPERLY CONVICTED OF SIX VIOLATIONS OF A STATUE PROVIDING THAT "WHOEVER SHALL TEAR, CUT, OR OTHERWISE INJURE ANY MAIL BAG ... SHALL BE FINED," EVEN THOUGH HE CUT THE SIX MAILBAGS DURING THE SAME CRIMINAL EPISODE. THE COURT REASONED THAT "ALTHOUGH THE TRANSACTION OF CUTTING THE MAILBAGS WAS A SENSE CONTINUOUS, THE COMPLETE STATUTORY OFFENSE WAS COMMITTED EVERY TIME A MAILBAG WAS CUT IN THE MANNER DESCRIBED, WITH THE INTENT CHARGED."

IN UNITED STATES V. FREISINGER 937 F.2d 383, 390 THE EIGHTH CIRCUIT, FOCUSING ON THE WORD "a" IN "USES OR CARRIES "a" FIRE ARM," DID GO SO FAR AS TO HOLD EXPLICITLY THAT EACH GUN POSSESSED CREATED A SEPARATE AND DISTINCT § 924(c)(1) VIOLATION.

IN UNITED STATES V JOHNSON 709 F.2d 515, 517 THE DEFENDANT RECEIVED SEVERAL

FIRE ARMS AT DIFFERENT TIMES. THE COURTS FOUND THAT THE EVIDENCE SHOWED SEPERATE RECEIPTS OF FIRE ARMS WERE CHARGED CORRECTLY AS SEPERATE VIOLATIONS.

IN LIGHT OF THESE RULINGS PETITIONER 922g COUNT CAN ONLY BE SEEN AS NINE SEPERATE AND DISTINCT ACTS. WHEN THE GOVERNMENT CHARGED ONLY ONE VIOLATION IT WAS IMPOSSIBLE TO DETERMINE WHICH FIREARM WAS CHARGED IN COUNT TWO.

AlSO THE IMFORMATION USED IN COUNT TWO STATES TIMES DATES AND DEALERS THAT ARE NOT RELATED AS NECESSARY TO CHARGES All VIOLATIONS IN ONE COUNT.

THE GOVERNMENT BELIEVES THAT SENTENCING OF PETITIONER WOULD BE THE SAME WHERE COUNT TWO OF THE INDICTMENT VACATED. PETITIONEI ENTIRE SENTENCE IS BASE SOLELY ON THAT COUNT. HAD NOT THE 922g BEEN A SENTENCING FACTOR PETITIONER WOULD HAVE FACED A SIGNIFICANTLY SHORTER SENTENCE.

WITH THE ISSUE OF RETROACTIVE APPLICATION OF <u>BOOKER</u> PETITIONER SHOULD HAVE RELIEF EVEN WITHOUT <u>BLAKELY</u>. THE JURY FOUND THAT PETITIONER WAS ONLY RESPONSIBLE FOR 11 FIREARMS. THIS IS REFLECTED THROUGH THE VERDICT. THAT REQUIRES A ONE POINT ADJUSTMENT.

THE SECOND PREJUDICE COMES FROM THE SENTENCE THAT WAS IMPOSED ON THE PETITIONER. AGAIN THE GOVERNMENT IS FLAWED BY STATING IF COUNT 2 OF THE INDICTMENT WERE DISMISSED THE SENTENCE WOULD BE THE SAME. THIS IS WAY OF THE MARK.

COUNT ONE HAD A 5-YEAR MAXIMUM, COUNT 2 HAD A 10-YEAR MAXIMUM AND COUNTS 7 THROUGH 15 EACH CARRIED A 5-YEAR MAXIMUM SENTENCE. WHEN CALCULATING DEFENDANTS SENTENCE THE PROBATION OFFICER HAD TO ABIDE BY THE SENTENCING GUILD LINES SET FORTH IN 2000 USING THAT GUILD LINE WHEN THERE IS A MULTICOUNT INDICTMENT THAT IS RELATED YOU MUST USE THE GROUPING STANDARD SET FORTH IN 3B1 OF THE USSG 2000. THIS IS HOW DEFENDANTS GUILDLINE RANG WAS FOUND. BY GROUPING ALL COUNTS IN THE INDICTMENT TO GET THE HIGHEST STATUTORY MAXIMUM WHICH WAS TEN YEARS, HAD COUNT 2 NOT BEEN CALCULATED 5YEARS WOULD HAVE BEEN THE MAXIMUM.

THE CONSECUTIVE SENTENCING FOR SOME COUNTS CAME ABOUT FROM ENHANCEMENTS FOR THE NUMBER OF FIREARMS. EVEN WITH THE ENHANCEMENT, WITHOUT COUNT 2 DEFENDANTS SENTENCE WOULD HAVE BEEN SIGNIFICANTLY SHORTER THAN 175 MONTHS.

DEFENDANT IS CLEARLY ARGUEING A MIS-APPLICATION OF THE SENTENCING GUIDLINES. NAMELY THE 4 POINT ENHANCEMENT FOR THE NUMBER OF GUNS. THIS WAS IN CONTRAST TO THE EIGTH CIR. RULING THAT 2K2 NOT BE USED TO ENHANCE OVER THE STATUTORY MAXIMUM.

AFTER 3B1 GROUPING THE STATUTORY MAXIMUM IS TEN YEARS. THE ONLY FACTOR THAT BROUGHT CONSECUTIVE STATUTORY MAXIMUMS IN EFFECT IS THE MANDATORY 5G RULE OF THE SENTENCING GUILDLINE. THIS RULE IS USED ONLY TO MEET LEGAL GUILD LINE RANGES THAT ARE ENHANCED HIGHER THAN THE STATUTORY MAXIMUM. IT DOES NOT CREAT SEVERAL MAXIMUMS THAT THE COURTS ... CAN MEET OUT PUNISHMENT. IN LUE OF THE EIGTH CIR. RULING PETITIONER BY LAW HAS TO BE RESENTENCE ACCORDING TO THE GUILDLINE RANGE OF CATAGORY 6 LEVEL 24

PETITIONER WOULD ALSO LIKE TO RESERVE THE RIGHT TO IMPLEMENT CASE LAW WHEN IT IS FINALLY MADE AVAILIBLE. PETIONER WAS NOT IMFORMED AS TO WHEN THIS RESPONSE IS DUE. THEREFORE HAD TO PUT FORTH A IL PREPARED RESPONSE.