UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CR-172(1)(JMR)

United States of America )
)
v. ) ORDER
)
Michael Travis Williams )

Petitioner seeks relief pursuant to 28 U.S.C. § 2255. He asks the Court to vacate, set aside, or correct his sentence, claiming ineffective assistance of counsel. His petition is hereby denied.

I. Background

Michael Williams is a previously-convicted felon prohibited by law from possessing firearms. Notwithstanding this fact, his girlfriend acted as a "straw purchaser," and bought guns for him between November, 1999, and January, 2000, resulting in a multi-count indictment, including firearms violations.

Count 1 charged petitioner with conspiracy under 18 U.S.C. § 371. Count 2 alleged violations of 18 U.S.C. § 922(g), felon in possession of a firearm. Counts 6 through 15 charged specific violations of 18 U.S.C. § 924(a), false statements or representations to a licensed firearms dealer. The activities in Counts 6 through 15 were among the Count 1 conspiracy overt acts. Mr. Williams was convicted of Counts 1 and 2, and 7 - 13, after trial by jury. Counts 1, and 7 - 13, carried 5-year maximum sentences; Count 2 carried a 10-year maximum.

On December 19, 2001, this Court sentenced petitioner to 175 months' imprisonment. The sentence divided the nine counts of conviction into groups. Counts 1 and 2, the first group, produced sentences of 120 months and 55 months consecutively, totaling 175 months. The second group, Counts 7 and 8, produced sentences of 60 months along with 55 months on Count 9, also served consecutively, totaling 175 months. The third group, Counts 10 and 11, produced consecutive 60-month sentences on Counts 10 and 11, and 55 months on Count 12, again totaling 175 months. The three 175-month sentences were concurrent, and concurrent with the 60-month sentence imposed on Count 13.

Mr. Williams' conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on August 22, 2003. See United States v. Abfalter, 340 F.3d 646 (8th Cir. 2003) (sub nom. Williams). The United States Supreme Court denied certiorari on January 12, 2004. United States v. Williams, 124 S.Ct. 1112 (2004) [Docket No. 181]. On May 14, 2004, Mr. Williams sought production of grand jury transcripts. The motion was denied. [Docket No. 185]. Williams then filed his § 2255 petition on January 24, 2005.

II. Analysis

Petitioner claims he is entitled to habeas relief because his counsel was ineffective for failing to object to the indictment as being duplicitous. "Duplicity is the joining in a single count of two or more separate and distinct offenses. The risk behind a

duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense." United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999) (internal citations and quotation omitted). In Count 2, Mr. Williams was charged with possession of a number of firearms. He now claims this count is duplicitous, because the jury might have convicted him without unanimous agreement on which firearm he possessed. The Court rejects these arguments.

To prevail on a claim of ineffective assistance of counsel, Williams must show both that counsel's performance was deficient, and that he suffered actual prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Williams must show his counsel's allegedly deficient performance rendered the proceedings fundamentally unfair or unreliable. El-Tabech v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993).

The Court finds Williams unable to make the requisite showing. This is true because, even if Count 2 were duplicitous, which is doubtful, Williams is unable to show any actual prejudice from his attorney's failure to argue the point.

First, the Court gave several unanimity instructions in its

jury charge. These were sufficient to protect Williams from a non-unanimous verdict as to Count 2. See United States v. Lucas, 932 F.2d 1210, 1220 (8th Cir. 1991) (generally, instructions that "could conceivably permit" jury to return non-unanimous verdict do not require reversal where jury also instructed to reach unanimous verdict); United States v. Gruenberg, 989 F.2d 971, 975 (8th Cir. 1993) (same). For this reason alone, Williams cannot show actual injury.

Even if the Court had not given these instructions, any error would be harmless, because the jury unanimously found Williams possessed the actual weapons referenced in Count 2. See United States v. Fredette, 315 F.3d 1235, 1243 (10th Cir. 2003) (error harmless where sufficient evidence to convict on either of alternative theories). Mr. Williams cannot deny that Counts 7 through 13, of which he was convicted, are addressed to the exact – and separate – firearms referenced in Count 2.

In convicting Mr. Williams of each false statement, the jury must have necessarily decided beyond a reasonable doubt that he possessed the particular firearm. Thus, the convictions on Counts 7 through 13 reflect the jury's unanimous finding that Williams possessed the specific firearms referenced in Count 2. As a result, Mr. Williams has failed to show the actual injury required to establish a claim of ineffective assistance. This alone would bar his habeas claim. Strickland, 466 U.S. at 697.

Similarly, Mr. Williams is unable to show any deficiency in his attorney's performance. In order to make this showing, he must point to "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. He must specify acts or omissions by counsel that were not "the result of reasonable professional judgment." Id. at 690. In making this inquiry, a court's review of counsel's performance should be highly deferential; there is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Id. at 689.

Here, Williams faults his attorney for not arguing that Count 2 was duplicitous because it involved multiple firearms. The Court concludes that his attorney's decision may be explained by reasonable professional judgment, and does not rise to the level of ineffective assistance.

As suggested above, it is not at all clear that Count 2 was, in fact, duplicitous. While the government could have charged possession of multiple weapons as separate counts under 18 U.S.C. § 922(g), this is not required. United States v. Buchmeier, 255 F.3d 415, 423 (7th Cir. 2001). To avoid a duplicitous indictment under § 922(g), the government must choose a theory and stick to it: charge either a continuing course of conduct, or a series of separate violations. Id. at 423-24. This indictment presented a single course of continuing conduct to establish a felon-in-

possession violation. It therefore required only one count. Indeed, when viewed as one continuing offense, Count 2 does not even require a unanimity instruction, because the possession of a particular firearm is not an element of § 922(g). United States v. DeJohn, 368 F.3d 533, 541-42 (6th Cir. 2004) (no error in failing to give unanimity instruction where multiple guns are involved).

Counsel's decision not to argue whether Count 2 was duplicitous was, therefore, consistent with the law and appropriate to the circumstances. The Court cannot find counsel's performance so deficient that it deprived Williams of his Constitutional rights. Mr. Williams' ineffective assistance claim fails.

Williams makes two other claims: that his sentence exceeds the statutory maximum of the different statutes involved, and was in violation of the Sixth Amendment under Blakely v. Washington, 124 S.Ct. 2531 (2004). Each argument is without merit. As to the first, a court is permitted to impose consecutive sentences for each count of conviction. 18 U.S.C. § 3584. Williams was convicted on nine counts: eight carried a 5-year maximum, and one carried a 10-year maximum. The 175-month sentence is well below what could have been imposed had the Court required all sentences to be served consecutively.

Mr. Williams' second argument is fairly considered to be a request for retroactive application of United States v. Booker, 125 S.Ct. 738 (2005). Although the Eighth Circuit has yet to address

the issue, every other federal circuit which has considered the question has found Booker is not retroactive. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005); In re Olopade, 403 F.3d 159, 160 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (addressing Blakely); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam).

Booker certainly announced a new procedural rule. Booker, 125 S.Ct. at 769 ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final.") Yet Booker did not direct the application of the new rule to cases on collateral review.

In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). The only exception would exist if Booker represents a "watershed" rule. Teague, 489 U.S. at 311. The "watershed rule" exception "is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." Beard v. Banks, 124 S.Ct. 2504, 2513-14 (2004) (internal quotation omitted).

Booker holds that mandatory application of the federal sentencing guidelines violates the Sixth Amendment right to a jury trial when considering facts which increase a defendant's sentence. Booker, 125 S.Ct. at 756. Ring v. Arizona, 536 U.S. 584 (2002), was among the cases which presaged Booker.

Before deciding Booker, the Supreme Court considered whether Ring announced a watershed rule, and concluded that it did not. Schriro v. Summerlin, 124 S.Ct. 2519, 2526 (2004). The Court held Ring did not implicate the "fundamental fairness and accuracy of the criminal proceeding." Id. at 2522. As such, it was not a watershed which was to be applied retroactively.

By analogy, this Court concludes Booker does not announce a watershed rule, and therefore does not apply retroactively to cases on collateral review, such as the instant petition.

III. Conclusion

For the foregoing reasons, Williams' petition under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated: June 21, 2005

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge